**In re Jerry Nolan NIELSEN and Lorraine Theresa Nielsen, Debtors and Appellees.**

**Civ. No. A4–84–182.**

United States District Court, D. North Dakota, Northwestern Division.

Dec. 31, 1984.

Joseph A. Vogel, Jr., Mandan, N.D., for debtors.

Charles S. Miller, Jr., Asst. U.S. Atty., Bismarck, N.D., for FmHA.

## MEMORANDUM AND ORDER

VAN SICKLE, District Judge.

This is an appeal from a July 19, 1984 order of the Bankruptcy Court for the District of North Dakota. In that order, the Bankruptcy Court denied a motion for an order to prohibit the debtors from using proceeds from their sale of milk.

### FACTS

To secure loans made to them, the Debtors granted the United States of America, through the Farmers Home Administration (FmHA), a security interest in all livestock and farm products then owned or thereafter acquired, together with any increases, replacements, substitutions, or additions thereto. FmHA perfected its security interest by filing the appropriate financing statements. On March 25, 1981, the Debtors assigned to FmHA the proceeds, to a maximum of $6,500 per month, from their sale of dairy products to Cass Clay Creamery. On the same date, FmHA released its security interest in the dairy products themselves. The effect of those two transactions was to make it unnecessary that the Debtors obtain a release from FmHA each time they delivered milk to Cass Clay Creamery.

On January 27, 1983 the Debtors and FmHA agreed to terms of a Farm and Home Plan wherein FmHA agreed to forego the assignment of milk proceeds until June 1, 1983. FmHA also agreed that from June 1, 1983 through December 31, 1983, the Debtors would pay $6,000 rather than $6,500 per month to FmHA.

The Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code on March 17, 1983. FmHA has received no payment under the assignment of milk proceeds since the petition was filed. The Debtors are in possession of and continue to operate their dairy farm.

### DISCUSSION

In its motion, FmHA requested an order prohibiting the Debtors from using the milk proceeds. FmHA contends such use by the Debtors is in violation of the prior assignment of milk proceeds. The Bankruptcy Court, in denying FmHA's motion, held that FmHA's security interest in any milk proceeds acquired by the Debtors after the filing of the bankruptcy petition was nullified by the filing of the petition. The Bankruptcy Court based its ruling on 11 U.S.C. § 552(a).

Section 552 of the Bankruptcy Code provides:

(a) Except as provided in subsection (b) of this section, property acquired by the estate or by the debtor after the commencement of the case is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the case.

(b) Except as provided in sections 363, 506(c), 522, 544, 545, 547, and 548 of this title, if the debtor and an entity entered into a security agreement before the commencement of the case and if the security interest created by such security agreement extends to property of the debtor acquired before the commencement of the case and to proceeds, product, offspring, rents, or profits of such property, then such security interest extends to such proceeds, product, offspring, rents, or profits acquired by the estate after the commencement of the case to the extent provided by such security agreement and by applicable nonbankruptcy law, except to any extent that the court, after notice and a hearing

and based on the equities of the case, orders otherwise.

The Bankruptcy Court determined that § 552(a) operated to nullify FmHA's interest in the milk proceeds and did not address whether the exception of § 552(b) applied.

 Section 552(a) states the general rule that after-acquired property is not subject to any lien resulting from a security agreement entered into by a debtor prior to the debtor filing a petition in bankruptcy. The purpose of this provision is to facilitate a debtor's "fresh start" by enabling him or her to use after-acquired property free and clear of prebankruptcy liens. Section 552(b), however, recognizes a distinction between after-acquired property and proceeds generated from prepetition collateral. *See* Collier on Bankruptcy § 552.02 (1984).

FmHA held a valid prepetition security interest in the Debtors' dairy herd and in the proceeds of that herd. Section 552(b) operates to give FmHA a security interest in the milk proceeds received by the Debtors subsequent to filing the bankruptcy petition.

The Debtors argue that, notwithstanding the effect of § 552(b), FmHA's March 25, 1981 release cancelled their security interest in the milk proceeds. The release was limited to dairy products sold to Cass Clay Creamery; it did not release all interest of FmHA in the dairy products. The assignment of proceeds to FmHA remained valid. Even if the March 25, 1981 release had nullified FmHA's interest in the milk proceeds arising from the security agreement itself, FmHA had a continuing right to receive the proceeds under the assignment. The January, 1983 Farm and Home Plan involved only a temporary release of FmHA's right to receive milk proceeds under the assignment. Under § 552(b), FmHA's interest arising from the assignment of proceeds was not affected by the Debtors filing a petition in bankruptcy. *See In Re Beattie,* 31 B.R. 703 (Bankr.W.D. N.C.1983).

## CONCLUSION

For the foregoing reasons, IT IS ORDERED:

That the July 19, 1984 order of the Bankruptcy Court is reversed.